IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHANNES SEBASTIAN KIRSCH and GABRIELLE KIRSCH, as Co-Personal Representatives of the Estate of MARC OLIVER KIRSCH, deceased,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | CIV. NO. 20-00265 HG-RT |
| DAVID DOSSETTER and SUSAN DOSSETTER, as Co-Personal Representatives of the ESTATE of JEREMY MATTHEW DOSSETTER, deceased,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA<br><br>　　　　　Defendant. | CIV. No. 20-00266 HG-RT |

**ORDER TO SHOW CAUSE**

On October 16, 2017, Marc Oliver Kirsch, a certified flight instructor, and Jeremy Dossetter, a certified pilot, were flying in a Robinson R-44 helicopter near Molokai when it crashed. Both individuals have been missing since October 16, 2017, and they

1

are presumed dead.

The parents of the two individuals, in their capacities as Co-Personal Representatives of the Estates of the Decedents, have filed suit against the United States, claiming the crash was a result of negligence by the Federal Aviation Administration.

Johannes Sebastian Kirsch and Gabrielle Kirsch, in their capacities as the Co-Personal Representatives of the Estate of their son Marc Oliver Kirsch, filed a lawsuit in 20-cv-00265 HG-RT.

David and Susan Dossetter, in their capacities as Co-Personal Representatives of the Estate of their son Jeremy Matthew Dossetter, have also filed a lawsuit in 20-cv-00266 HG-RT.

## I. Wrongful Death and Survival Causes Of Action Under Hawaii Law

Many states, including Hawaii, authorize two types of civil actions for cases where a victim dies as a result of the negligence of a tortfeasor.  See Valenzuela v. City of Anaheim, 29 F.4th 1093, 1095 (9th Cir. 2022).

One, a plaintiff may bring a **wrongful death action** pursuant to Haw. Rev. Stat. § 663-3, which provides:

> **§ 663-3.  Death by wrongful act**.
> (a) When the death of a person is caused by the wrongful act, neglect, or default of any person, the deceased's legal representative, or any of the persons enumerated in

2

        subsection (b), may maintain an action against the person causing the death or against the person responsible for the death. The action shall be maintained on behalf of the persons enumerated in subsection (b), except that the legal representative may recover on behalf of the estate the reasonable expenses of the deceased's last illness and burial.

  (b)  In any action under this section, such damages may be given as under the circumstances shall be deemed fair and just compensation with reference to the pecuniary injury and loss of love and affection, including:

    (1)  Loss of society, companionship, comfort, consortium, or protection;
    (2)  Loss of marital care, attention, advice, or counsel;
    (3)  Loss of care, attention, advice, or counsel of a reciprocal beneficiary as defined in chapter 572C;
    (4)  Loss of filial care or attention; or
    (5)  Loss of parental care, training, guidance, or education, suffered as a result of the death of the person; by the surviving spouse, reciprocal beneficiary, children, father, mother, and by any person wholly or partly dependent upon the deceased person. The jury or court sitting without jury shall allocate the damages to the persons entitled thereto in its verdict or judgment, and any damages recovered under this section, except for reasonable expenses of last illness and burial, shall not constitute a part of the estate of the deceased. Any action brought under this section shall be commenced within two years from the date of death of the injured person, except as otherwise provided.

Haw. Rev. Stat. § 663-3.

    The wrongful death statute itself provides for two separate

types of actions:

    (1)  one type of action that may be brought is by the personal representative of the estate; and,

    (2)  another type of action that may be brought is by the surviving spouse, reciprocal beneficiary, children, father, mother, or by any person wholly or partly dependent upon the deceased person.

Cases interpreting the statute have explained that the family member's wrongful death action is a separate and independent action from the decedent's action. In re Hawaii Fed. Asbestos Cases, 854 F.Supp. 702, 710-712 (D. Haw. 1994); see Hun v. Ctr. Properties, 626 P.2d 182, 186-87 (Haw. 1981) (explaining that Haw. Rev. Stat. § 663-3 allows surviving spouse, children, parents, and dependents to bring their own wrongful death causes of action for economic loss and deprivation of love, affection and companionship).

Two, the personal representative of the decedent's estate may separately bring a **survival action**. A survival cause of action is brought pursuant to Hawaii law under Haw. Rev. Stat. § 663-7, which provides:

> **§ 663-7. Survival of cause of action.**
> A cause of action arising out of a wrongful act, neglect, or default, except a cause of action for defamation or malicious prosecution, shall not be extinguished by reason of the death of the injured person. The cause of action shall survive in favor of the legal representative of the person and any damages recovered shall form part of the estate of the deceased.

Haw. Rev. Stat. § 663-7.

A survival cause of action is separate from a wrongful death cause of action and provides for different types of damages. Greene v. Texeira, 505 P.2d 1169, 1173 (Haw. 1973).

## II. Nature of the Action Brought Here

### A. Kirsch Action

In Kirsch, the Plaintiffs are listed as:

JOHANNES SEBASTIAN KIRSCH and GABRIELE KIRSCH, as Co-Personal Representatives of the Estate of MARC OLIVER KIRSCH, deceased.

### B. Dossetter Action

In Dossetter, the Plaintiffs are listed as:

DAVID DOSSETTER and SUSAN DOSSETTER, as Co-Personal Representatives of the Estate of JEREMY MATTHEW DOSSETTER, deceased.

Neither Complaint cites to either Haw. Rev. Stat. § 663-3 nor 663-7. In each case, the Personal Representatives of the Estates of the Decedents are the Plaintiffs. Neither case names any plaintiffs in their individual capacities.

### C. Damages Sought

In the Plaintiffs' Pretrial Conference Statements, Plaintiffs seek the following damages: (1) general damages, (2) special damages, (3) hedonic damages, (4) survival damages, including pre-impact fear and suffering, (5) burial expenses, (6) attorney fees and costs, and (7) pre-judgment and post-judgment

5

interest.

Plaintiffs appear to be seeking damages on behalf of individuals not named as plaintiffs in these cases.

In Kirsch, the Pretrial Statement (ECF No. 64) on page 10 states:

> The wrongful death statute provides for recovery of damages for those in enumerated relationship categories to the deceased person, while the survival statute provides for recovery of damages for the estate of the deceased person....Plaintiffs seek recovery under both the Hawaii wrongful death and survival statutes.

(Kirsch Pretrial Statement at pp. 10-11, ECF No. 64, 20-cv-265HG-RT).

In Dossetter, the Pretrial Statement (ECF No. 88) on p. 9, states:

> In any action under HRS § 663-3, a Plaintiff, which includes the Decedent's father and/or mother, who, as Plaintiffs, can recover "loss of society, companionship, comfort, consortium, or protection." HRS § 663-3. Plaintiffs' Decedent's siblings, including Benjamin Dossetter, Clara Dossetter, Asher Dossetter, and Violetta Dossetter, were also alive at the time of Plaintiffs' Decedent's death and are takers under the Hawaii Wrongful Death Statute.

(Dossetter Pretrial Statement at p. 9, ECF No. 88, 20-cv-266HG-RT).

Plaintiffs rely on Castro v. Melchor, 414 P.3d 53 (Haw. 2018), Ah Mook Sang v. Clark, 308 P.3d 911 (Haw. 2013) and Polm v. Dept' of Human Servs., 339 P.3d 1106 (Haw. App. 2014) in their Pretrial Statements for their position that the estate can seek

6

damages under both the Hawaii wrongful death and survival statutes.

In all of those cases, however, the plaintiffs were named both in their individual capacities, which allowed them to bring claims for their own losses, and as the personal representatives of the estate to bring claims on behalf of the decedent.

### III. Order To Show Cause

Plaintiffs are **ORDERED TO SHOW CAUSE** as to the basis for their damages requests.

Plaintiffs shall each file a Memorandum setting forth whether their damages request is limited to the Estates of the Decedents and, if not, the legal basis to award any damages to any individual not named as a plaintiff in the Complaints.

Plaintiffs' Memoranda shall be filed on or before Tuesday, September 5, 2023.

IT IS SO ORDERED.

Dated: August 25, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Kirsch v. United States of America, 20-cv-00265 HG-RT; Dossetter v. United States of America, 20-cv-00266 HG-RT; **ORDER TO SHOW CAUSE**

7