IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHANNES SEBASTIAN KIRSCH and GABRIELLE KIRSCH, as Co-Personal Representatives of the Estate of MARC OLIVER KIRSCH, deceased,<br><br>    Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIV. NO. 20-00265 HG-RT |
| DAVID DOSSETTER and SUSAN DOSSETTER, as Co-Personal Representatives of the ESTATE of JEREMY MATTHEW DOSSETTER, deceased,<br><br>    Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA<br><br>    Defendant. | CIV. No. 20-00266 HG-RT |

**ORDER GRANTING DEFENDANT UNITED STATES' <u>DAUBERT</u> MOTION TO LIMIT TESTIMONY OF PLAINTIFFS' EXPERT HAROLD L. MILLER, II (ECF Nos. 59, 83)**

On October 16, 2017, Marc Oliver Kirsch, a certified flight instructor, and Jeremy Dossetter, a certified pilot, were flying in a Robinson R44 helicopter near Molokai when it crashed. Both

1

individuals have been missing since October 16, 2017, and are presumed dead.

The parents of the two individuals, in their capacities as Co-Personal Representatives of the Estates of the Decedents, have filed suit against the United States, claiming the crash was a result of negligence by the Federal Aviation Administration.

Plaintiffs seek to admit expert testimony from Harold L. Miller, II who is a pilot.  Plaintiffs request that Mr. Miller be allowed to provide expert testimony concerning the duties and responsibilities of air traffic controllers in general as well as provide testimony that on October 16, 2017, Air Traffic Control Specialist Michael Fong breached his duties of care as an air traffic controller.

Defendant United States of America seeks to preclude Mr. Miller from providing expert testimony on standards and duties of care for air traffic controllers and to preclude Mr. Miller's opinion that the Defendant and Air Traffic Control Specialist Michael Fong breached their duties of care.  Mr. Miller is not now nor has he ever been employed as an air traffic controller, has no education or experience as an air traffic controller, and has no training as an air traffic controller.

Defendant United States' <u>Daubert</u> Motion to Limit Testimony Of Plaintiffs' Expert Harold L. Miller, II is **GRANTED**.

**STANDARD OF REVIEW**

Federal Rule of Evidence 702 provides that "scientific, technical, or other specialized knowledge" by a qualified expert is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702.

The United States Supreme Court in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993), held that the District Court has a gatekeeping responsibility to objectively screen expert testimony to ensure that it is not only relevant, but reliable. The District Court's obligation applies to technical and other specialized knowledge as well as testimony based on scientific knowledge. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141-42 (1999).

The Ninth Circuit Court of Appeals has explained that expert testimony is relevant if the evidence logically advances a material aspect of the party's case. Est. of Barabin v. Asten Johnson, Inc., 740 F.3d 457, 463-64 (9th Cir. 2014). The Court considers if an expert's testimony has a reliable basis in the knowledge and experience of the relevant discipline. Kumho, 526 U.S. at 149.

The District Court's inquiry into the admissibility of an expert's testimony, pursuant to Daubert, is a flexible one.

3

Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc., 738 F.3d 960, 969 (9th Cir. 2013).  The trial court has discretion to decide how to test an expert's testimony for reliability, as well as relevance, based on the particular circumstances of the case. Primiano v. Cook, 598 F.3d 558, 564 (9th Cir. 2010).  The reliability of an expert's testimony about a relevant issue is best attacked by cross examination, contrary evidence, and attention to the burden of proof, not by exclusion.  Daubert, 509 U.S. at 596.

Daubert hearings are meant to protect **juries** from being swayed by dubious scientific testimony, but when the District Court sits as the finder of fact there is less need for gatekeeping.  United States v. Flores, 901 F.3d 1150, 1165 (9th Cir. 2018).  In bench trials, the District Court is able to make its reliability determination during, rather than in advance of, trial.  Id.

## PROCEDURAL HISTORY

On June 8, 2020, Plaintiffs filed their Complaints.  (Kirsch v. United States, 20-cv-00265 HG-RT, ECF No. 1; Dossetter v. United States, 20-cv-00266 HG-RT, ECF No. 1).

On August 10, 2023, Defendant filed DEFENDANT UNITED STATES' DAUBERT MOTION TO LIMIT TESTIMONY OF PLAINTIFFS' EXPERT HAROLD L. MILLER II (ECF Nos. 59, 83).

4

On August 31, 2023, Plaintiffs filed their Oppositions. (ECF Nos. 71, 95).

On September 5, 2023, Defendant filed its Replies.  (ECF Nos. 76, 100).

On September 19, 2023, the Court held a hearing on Defendant's Motion.  (ECF Nos. 80, 104).

## ANALYSIS

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)  the testimony is based on sufficient facts or data;
>
> (c)  the testimony is the product of reliable principles and methods; and,
>
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

Pursuant to Fed. R. Evid. 702, the trial court must act as a gatekeeper to ensure that the proffered scientific testimony meets certain standards of both relevance and reliability before it is admitted.  Daubert, 509 U.S. at 580, 597.

The District Court's gatekeeping function is less critical

5

in a bench trial because judges are less likely than jurors to be prejudiced by inadmissible expert opinions.  United States v. Flores, 901 F.3d 1150, 1165 (9th Cir. 2018); Shore v. Mohave Cnty., 644 F.2d 1320, 1322-23 (9th Cir. 1981).

## I.    Expert Witness Must Be Qualified By Knowledge, Skill, Experience, Training Or Education To Provide Testimony On A Question Before The Trier Of Fact

Federal Rule of Evidence 702 permits a qualified expert witness to provide testimony if the witness's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. Thomas v. Newton Int'l Enters., Inc., 42 F.3d 1266, 1269 (9th Cir. 1994).  The Rule contemplates a broad conception of expert qualifications.  Id.

The generous standard for qualifying expert witnesses under Rule 702 does not permit just anyone to testify as an expert. United States v. Laurienti, 611 F.3d 530, 548 (9th Cir. 2010). The District Court must determine if a proposed witness's qualifying training or experience, and resultant specialized knowledge, are sufficiently related to the issues and evidence before the trier of fact.  Avila v. Willits Envt. Remediation Tr., 633 F.3d 828, 839 (9th Cir. 2011).

Trial courts must exclude proposed expert testimony if the expert's qualifications are lacking in the area in which the

expert seeks to provide an opinion.  United States v. Redlightning, 624 F.3d 1090, 1115 (9th Cir. 2010) (the opinion of defendant's expert neuropsychologist was excluded on the basis of qualifications as he was not qualified to testify about the medical, physical effects of hypoglycemia because he was not a physician); Jinro Am. Inc. v. Secure Invs., Inc., 266 F.3d 1001, 1019 (9th Cir. 2001) (expert had no education or training that would allow him to provide an expert opinion on Korean business practices).

The District Court may limit an expert witness's testimony to his area of expertise and may preclude the witness from attempting to provide opinions beyond his qualifications.  United States v. Chang, 207 F.3d 1169, 1172-736 (9th Cir. 2000) (finding expert was qualified to testify in area of international finance but not qualified to testify about counterfeit securities because it was beyond the witness's expertise).

## II.  Plaintiff's Proposed Expert Harold L. Miller, II

Plaintiff seeks to have Harold L. Miller, II testify as an expert witness.  Mr. Miller earned a Bachelor of Science degree from Michigan State University and a Juris Doctor and Master of Studies in Environmental Law from Vermont Law School.  (Miller Expert Report at p. 2, attached as Ex. A to Pl.'s Opps., ECF Nos. 71-1, 95-1).

7

Mr. Miller states that he was Honorably Discharged from the United States Army and has been involved in the aviation industry for over 20 years and has flown "various models of aircraft," worked as a commercial pilot and instructor, and served on various boards.  (Miller Expert Report at pp. 4-5, attached to Pl.'s Opps., ECF Nos. 71-1, 95-1).  Mr. Miller states that he currently oversees "a cargo operator engaged in the provision of healthcare flying over 14,000 hours per year across 14 aircraft, domestic and international."  (Id. at p. 5).

Plaintiff requests that Mr. Miller be permitted to provide the following expert opinions in this case:

(1)  The Aircraft, N830DF, was legal to fly under night VFR with no mechanical or operations limitations;

(2)  The flight in question was conducted under VFR rules while on a IFR flight plan;

(3)  Air Traffic Control and Air Traffic Control Specialist Michael Fong failed in its Duty of Care to recognize hazards to the flight and failed to advise the accident pilots.  In particular, Mr. Fong failed to warn of conditions that he could reasonably assume would negatively affect the aircraft and the pilot's ability to control the aircraft with respect to 1) severe convective activity combined with gusting winds and pilot reported light to moderate turbulence, and 2) a significant likelihood the flight could experience IMC conditions, and 3) the aircraft was not equipped for IFR flights and did not have advanced equipment capable of detecting changes in weather and conditions;

(4)  Air Traffic Control and Mr. Fong failed to provide adequate vectors or other instructions to mitigate the potential hazards associated with weather in the path of flight which would result in a

degradation of aircraft performance rendering the aircraft uncontrollable;

(5)   Air Traffic Control and Mr. Fong failed in its duty of care by instructing the flight to continue below MIA/MVA while providing vector for the Victor Airway 8;

(6)   Air Traffic Control and Mr. Fong failed to respond to a Minimum Safe Altitude Warning (MSAW) which resulted in continued deviation from established rules;

(7)   There is no indication that Spatial Disorientation or Inadvertent IMC (IIMC) were experienced during the subject flight.  All previous heading, altitudes, and instructions were met to a level expected during a flight instruction mission and explain minor and insignificant deviations one would expect.  The cause of the accident was a result of ATC-issued vectors and altitude into extreme convective activity with 5,200 ft/minute down drafts and associated outflows in conjunction with greater than 40 mph tailwinds ultimately resulting in a loss of control and likely exceedance of the helicopters structural integrity-the "final event."

(Miller Expert Report at pp. 9-11, ECF Nos. 71-1, 95-1).

Defendant United States does not object to Mr. Miller providing the opinions outlined in paragraphs 1-2.  Defendant objects to Mr. Miller providing the remaining opinions, specifically about the duties of care for air traffic controllers and the duties of Air Traffic Control Specialist Michael Fong and whether his duties of care were breached and thus caused the accident.

It is well-established that an opinion by an expert must fall within his area of expertise in order to assist the trier of

fact pursuant to Fed. R. Evid. 702.  <u>Jinro</u>, 266 F.3d at 1001;
<u>United States v. Hankey</u>, 203 F.3d 1160, 1168 (9th Cir. 2000)
(explaining the admissibility of expert testimony is dependent on
the area of expertise of the proposed expert).

Mr. Miller seeks to give expert opinions as to the duties of
an air traffic controller.  Mr. Miller, however, is not an air
traffic controller and never has been an air traffic controller.
He has no experience, training, education, or certification in
the field of air traffic control.  Mr. Miller admitted as such in
his deposition and testified that he is "not an Air Traffic
Control expert."  (Deposition of Harold Miller, II attached as
Ex. B to Def.'s Motion at p. 3, ECF Nos. 59-4, 83-4).  During his
deposition, Mr. Miller admitted that he does not know the
regulations that prescribe the Air Traffic Control's duty of
care, responding "I do not report to be an Air Traffic
Controller."  (<u>Id.</u> at p. 4).

Mr. Miller has experience as a pilot and would be permitted
to testify in the field of piloting.  Mr. Miller may not testify
beyond his field of expertise.  <u>Avila</u>, 633 F.3d at 839 (finding
that plaintiff's expert on causation was unqualified because even
though he had a degree in chemistry, he had no training or
knowledge of metal working and lacked expertise as to the
questions before the trier of fact).

Mr. Miller's experience as a pilot who has interacted with

10

air traffic controllers does not provide sufficient qualification for Mr. Miller to provide expert opinions concerning the duties of care of air traffic controllers.  In a similar case, a plaintiff sought to introduce expert opinions from the pilot about air traffic control because the pilot had "spent time" in a radar room.  In re Jacoby Airplane Crash Litig., 2007 WL 5037683, *34 (D.N.J. Aug. 27, 2007).  The district court explained that the pilot lacked any formal education, training, experience, or employment in air traffic control.  Id.  Just as here, Mr. Miller has no education, training, experience, or employment in the field of air traffic control.  As the Government points out, Mr. Miller has never been employed by the Federal Aviation Administration, never worked as an air traffic controller, and never received any training as an air traffic controller.

Courts have excluded actual, experienced air traffic controllers from providing expert opinions in the field of air traffic control if they did not have sufficient experience and training in the location of the accident.  In Pan Am. World Airways v. Port Auth., 995 F.2d 5, 10 (2d Cir. 1993), the Second Circuit Court of Appeals ruled that the district court properly excluded the testimony of a plaintiff's proposed air traffic control expert.  The appellate court explained that although the plaintiff's expert was an air traffic controller, his expert opinions were properly excluded because the expert "never

11

completed local air traffic control training, had little experience in large airports, and was entirely unfamiliar with ground procedures at [John F. Kennedy] Airport." Id.

Here, not only does Mr. Miller have no air traffic control training or experience, he also has never been to any combined air traffic control facility or to the actual Honolulu Combined Control Facility at issue in this case. Mr. Miller testified in his deposition that he has not received any air traffic control training and has never been in a combined control facility, but stated he had visited control towers with other pilots and Boy Scout groups. (Miller Depo. at pp. 6-7, 8-9, ECF Nos. 59-4, 83-4).

Defendant points out that the Honolulu Combined Control Facility is unique in air traffic control, explaining that "[t]here are over 100 approach control facilities and 21 enroute facilities in the United States. [Honolulu Combined Facility] is a combination facility (approach and enroute) of which there are only four in the United States." (Def.'s Motion at p. 8, ECF Nos. 59-1, 83-1). Mr. Miller's lack of experience with this type of combined facility in addition to his lack of education, training, or specialized knowledge demonstrates that he lacks the qualifications to assist the finder of fact. Avila, 633 F.3d at 839 (excluding expert opinion beyond the scope of the expert's qualifications); see Silva v. Am. Airlines, Inc., 960 F.Supp.

12

528, 531 (D. P.R. 1997) (excluding flight attendant's testimony about the duties of care of the airline because although an experience flight attendant is well-versed and trained in a particular aircraft and its emergency procedures, he has no specialized knowledge about whether warnings should have been issued to passengers).

Mr. Miller may not testify as an expert regarding air traffic control, the air traffic control duties of care, or the air traffic control protocols at issue in this case.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## CONCLUSION

Defendant United States' <u>Daubert</u> Motion to Limit Testimony Of Plaintiffs' Expert Harold L. Miller, II is **GRANTED**.

Plaintiffs' proposed expert Harold Miller, II is precluded from providing his proposed expert opinions as to the duties of Air Traffic Control and Air Traffic Control Specialist Michael Fong as outlined in paragraphs 3-7 in his expert report.

IT IS SO ORDERED.

Dated: October 31, 2023, Honolulu, Hawaii.


Helen Gillmor
United States District Judge


<u>Kirsch v. United States of America</u>, 20-cv-00265 HG-RT; <u>Dossetter v. United States of America</u>, 20-cv-00266 HG-RT; **ORDER GRANTING DEFENDANT UNITED STATES' <u>DAUBERT</u> MOTION TO LIMIT TESTIMONY OF PLAINTIFFS' EXPERT HAROLD L. MILLER, II**