IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHANNES SEBASTIAN KIRSCH and GABRIELLE KIRSCH, as Co-Personal Representatives of the Estate of MARC OLIVER KIRSCH, deceased,<br><br>              Plaintiffs,<br><br>        vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. NO. 20-00265 HG-RT |
| DAVID DOSSETTER and SUSAN DOSSETTER, as Co-Personal Representatives of the ESTATE of JEREMY MATTHEW DOSSETTER, deceased,<br><br>              Plaintiffs,<br><br>        vs.<br><br>UNITED STATES OF AMERICA<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. No. 20-00266 HG-RT |

**ORDER DEFERRING RULING ON PLAINTIFFS' <u>DAUBERT</u> MOTION TO BAR EXPERT WITNESS MARK W. OLSEN AND DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CERTAIN SOFTWARE (ECF No. 57 and 81)**

On October 16, 2017, Marc Oliver Kirsch, a certified flight instructor, and Jeremy Dossetter, a certified pilot, were flying in a Robinson R44 helicopter near Molokai when it crashed. Both

1

individuals have been missing since October 16, 2017, and are presumed dead.

The parents of the two individuals, in their capacities as Co-Personal Representatives of the Estates of the Decedents, have filed suit against the United States, claiming the crash was a result of negligence by the Federal Aviation Administration.

Plaintiffs seek to challenge the admissibility of testimony and evidence from Mark W. Olsen.  Plaintiffs have not attached either the expert report or the evidence that they seek to exclude to their Motion.

Mark W. Olsen is permitted to testify at trial.

The Court **DEFERS** ruling on the admissibility and reliability of Mr. Olsen's testimony and evidence until trial.

Plaintiffs also seek to compel production of software from Defendant.  Plaintiffs' motion to compel is untimely and fails to comply with both the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

Plaintiffs' Motion to Compel is **DENIED**.

## STANDARD OF REVIEW

Federal Rule of Evidence 702 provides that "scientific, technical, or other specialized knowledge" by a qualified expert is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Civ. P.

2

702.

The United States Supreme Court in <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 589 (1993), held that the District Court has a gatekeeping responsibility to objectively screen expert testimony to ensure that it is not only relevant, but reliable.  The District Court's obligation applies to technical and other specialized knowledge as well as testimony based on scientific knowledge.  <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 141-42 (1999).

The Ninth Circuit Court of Appeals has explained that expert testimony is relevant if the evidence logically advances a material aspect of the party's case.  <u>Est. of Barabin v. Asten Johnson, Inc.</u>, 740 F.3d 457, 463-64 (9th Cir. 2014). The Court considers if an expert's testimony has a reliable basis in the knowledge and experience of the relevant discipline.  <u>Kumho</u>, 526 U.S. at 149.

The District Court's inquiry into the admissibility of an expert's testimony, pursuant to <u>Daubert</u>, is a flexible one. <u>Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.</u>, 738 F.3d 960, 969 (9th Cir. 2013).  The trial court has discretion to decide how to test an expert's testimony for reliability, as well as relevance, based on the particular circumstances of the case. <u>Primiano v. Cook</u>, 598 F.3d 558, 564 (9th Cir. 2010).  The reliability of an expert's testimony about a relevant issue is

3

best attacked by cross examination, contrary evidence, and attention to the burden of proof, not by exclusion.  Daubert, 509 U.S. at 596.

Daubert hearings are meant to protect **juries** from being swayed by dubious scientific testimony, but when the District Court sits as the finder of fact there is less need for gatekeeping.  United States v. Flores, 901 F.3d 1150, 1165 (9th Cir. 2018).  In bench trials, the District Court is able to make its reliability determination during, rather than in advance of, trial.  Id.

## PROCEDURAL HISTORY

On June 8, 2020, Plaintiffs filed their Complaints.  (Kirsch v. United States, 20-cv-00265 HG-RT, ECF No. 1; Dossetter v. United States, 20-cv-00266 HG-RT, ECF No. 1).

On August 10, 2023, Plaintiffs filed PLAINTIFFS' DAUBERT MOTION TO BAR DEFENDANT'S EXPERT MARK W. OLSEN AND TO COMPEL PRODUCTION OF CERTAIN SOFTWARE.  (ECF Nos. 57, 81).

On August 31, 2023, Defendant filed its Opposition.  (ECF Nos. 72, 96).

On September 19, 2023, the Court held a hearing on Plaintiffs' Motion.  (ECF Nos. 80, 104).

**ANALYSIS**

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)  the testimony is based on sufficient facts or data;
>
> (c)  the testimony is the product of reliable principles and methods; and,
>
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

Pursuant to Fed. R. Evid. 702, the trial court must act as a gatekeeper to ensure that the proffered scientific testimony meets certain standards of both relevance and reliability before it is admitted.  Daubert, 509 U.S. at 580, 597.

## I.   Evaluation Of Accident Reconstruction Evidence

### A.   Factors To Evaluate Reliability Of Expert Evidence

District Courts have broad discretion in determining how to assess an expert's reliability.  Kumho Tire Co., 526 U.S. at 152. The United States Supreme Court has identified four factors to consider in assessing reliability of expert evidence:

(1)   the theory or technique has been tested;

(2)   the theory or technique has been subject to peer review and publication;

(3)   the potential error rate of the theory or technique;

(4)   the theory or technique is generally accepted within the relevant scientific community.

Daubert, 509 U.S. at 593-94.

The list is non-exhaustive and may not be applicable in all cases. Id. at 594.

In reviewing admissibility of accident reconstructions, courts generally look to the factual basis for the reconstruction, the software used for reconstruction, and the variables used by the expert in creating the reconstruction. See Guinnane v. Dobbins, 2020 WL 4696809, *3 (D. Mont. Aug. 13, 2020).

Contrary to Plaintiffs' position, "[t]here is nothing inherently unreliable or suspect about computer simulations as evidence. But every simulation of a physical process embodies at least some simplifying assumptions, and requires both a solid theoretical foundation and realistic input parameters to yield meaningful results." Id. (quoting Novartis Corp. v. Ben Venue Labs., Inc., 271 F.3d 1043, 1054 (Fed. Cir. 2001)).

**B.   Basis For Mr. Olsen's Testimony**

The basis for Mr. Olsen's reconstruction is purportedly

6

based on Continuous Data Recordings made at the time of the crash and retained by the Federal Aviation Administration and provided to Plaintiffs.  The data is available in both a plain text file (.txt) and a Situation Assessment Through Recreation Of Incidents - Modified ("SATORI-M") file, but the Microprocessor En Route Automated Radar Tracking System ("MEARTS") (.pb) file was corrupted.

Neither Party has provided the expert report or the alleged reconstruction to the Court.

Defendant explained that Mr. Olsen's "reconstruction is not a simulation based upon mathematical modeling, but simply a graphical display of the extracted [Continuous Data Recordings] data retained by the [Federal Aviation Administration] following the accident.  Mr. Olsen prepared his reconstruction using software called DiscoveryM.  Mr. Olsen validated the reconstruction."  (Gov't Opps. at p. 10, ECF Nos. 72, 96).

Plaintiffs have disclosed their own expert to challenge Mr. Olsen's findings.

The United States Supreme Court has explained that the district court's examination of the reliability of the expert must focus on the expert's principles and methodology rather than conclusions.  General Elec. Co. v. Joiner, 522 U.S. 136, 146-47 (1997).  A lack of certainty of the expert's conclusions does not mean the evidence is unreliable, but rather it goes to the weight

of the evidence.  <u>Primiano</u>, 598 F.3d at 565-66.  On the other hand, opinions based on pure speculation and guesswork should be excluded.  <u>Id.</u>

## II.   **The Court Will Determine The Admissibility Of Defendant's Expert Mark W. Olsen During The Bench Trial**

It is within the District Court's discretion to hold an evidentiary hearing prior to trial in order to determine the reliability of proffered expert testimony.  <u>Millenkamp v. Davisco Foods Int'l, Inc.</u>, 562 F.3d 971, 979 (9th Cir. 2009).  The District Court's gatekeeper role is different in a bench trial than in a jury trial.  <u>United States v. Flores</u>, 901 F.3d 1150, 1165 (9th Cir. 2018).  In a bench trial, the judge acts as both the gatekeeper and the factfinder.  The judge determines both the admissibility and the credibility of the expert evidence in a bench trial.  <u>Id.</u>

The District Court, in a bench trial, may elect to hear the expert witness's testimony and evidence during the trial rather than rule on its admissibility in a pretrial hearing.  <u>Id.</u>  The Court may decide to exclude or disregard the expert pursuant to Fed. R. Evid. 702 and <u>Daubert</u> after the expert testifies.  <u>Flores</u>, 901 F.3d at 1165.

Here, the Court elects to permit Mark W. Olsen to testify at trial.  The Court will determine the reliability and admissibility of Mr. Olsen's testimony after it is presented.

8

<u>Flores</u>, 901 F.3d at 1165.

Vigorous cross-examination and presentation of contrary evidence will assist the Court in determining the reliability and credibility of Mr. Olsen's testimony and evidence.  <u>Daubert</u>, 509 U.S. at 596.

The Court, as both the trier of fact and the gatekeeper of expert evidence, **DEFERS** ruling on the admissibility of Mr. Olsen's testimony and evidence until it is received at trial. <u>Flores</u>, 901 F.3d at 1165.

### III.  **Plaintiffs' Motion to Compel**

In its Motion, Plaintiffs seek to compel Defendant to provide them with "Discovery T and SatoriM software to Plaintiffs."  (Pl.s' Motion to Compel at p. 9, ECF Nos. 57-1, 81-1).

Discovery in this case closed on August 11, 2023. (Scheduling Order, ECF Nos. 46, 50).  All discovery motions, including motions to compel, were required to be filed "no later than 30 days prior" to August 11, 2023.  (<u>Id.</u>)  Plaintiffs' Motion to Compel was untimely filed on August 10, 2023, the day before the discovery deadline.  Plaintiffs offer no explanation for missing the deadline for filing a motion to compel.

Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel include a "certification that the movant has in

good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

In addition, the Local Rules require that such meet and confer take place "in person or by telephone."  District of Hawaii Local Rule 37.1(a).  Plaintiffs also have not complied with the meet and confer requirements of District of Hawaii Local Rule 7.8.

Plaintiffs have not complied with Fed. R. Civ. P. 37, Local Rule 37.1, or Local Rule 7.8.

Plaintiffs' Motion to Compel is **DENIED.**

///

///

///

///

///

///

///

///

///

///

///

///

///

**CONCLUSION**

The Court, as both the trier of fact and the gatekeeper of expert evidence, **DEFERS** ruling on the admissibility of Mr. Olsen's testimony and evidence until it is received at trial.

Plaintiffs' Motion to Compel is **DENIED.**

IT IS SO ORDERED.

Dated: October 31, 2023, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Kirsch v. United States of America, 20-cv-00265 HG-RT; Dossetter v. United States of America, 20-cv-00266 HG-RT; **ORDER DEFERRING RULING ON PLAINTIFFS' DAUBERT MOTION TO BAR EXPERT WITNESS MARK W. OLSEN AND DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CERTAIN SOFTWARE (ECF Nos. 57 and 81)**