IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHANNES SEBASTIAN KIRSCH and GABRIELLE KIRSCH, as Co-Personal Representatives of the Estate of MARC OLIVER KIRSCH, deceased, | ) ) ) ) ) | CIV. NO. 20-00265 HG-RT |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) ) | |
| ——————————————— | ) ) | |
| DAVID DOSSETTER and SUSAN DOSSETTER, as Co-Personal Representatives of the Estate of JEREMY MATTHEW DOSSETTER, deceased, | ) ) ) ) ) ) | CIV. No. 20-00266 HG-RT |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| UNITED STATES OF AMERICA | ) ) | |
| Defendant. | ) ) ) | |
| ——————————————— | ) | |

**ORDER ON PLAINTIFFS' MOTIONS IN LIMINE NOS. 1-19
(<u>Kirsch</u>, ECF Nos. 88-96; <u>Dossetter</u>, ECF Nos. 112-20)**

On October 16, 2017, Marc Oliver Kirsch, a certified flight instructor, and Jeremy Dossetter, a student and certified pilot, were flying in a Robinson R44 helicopter near Molokai when it

1

crashed.  Both individuals have been missing since October 16, 2017, and are presumed dead.

The parents of the two individuals, in their capacities as Co-Personal Representatives of the Estates of the Decedents, have filed suit against the United States, claiming the crash was a result of negligence by the Federal Aviation Administration.

Plaintiffs have filed 22 Motions in Limine for the liability portion of the Bench Trial commencing on February 21, 2024.

On February 8, 2024, the Court held a Final Pretrial Conference and ruled on Motions in Limine 1-19.  This Order sets forth the basis for the rulings made at the hearing.

Plaintiffs' Motions in Limine 1-11 are set forth in a pleading they entitle as an "Omnibus" Motion in Limine (ECF Nos. 88, 112), as follows:

**PLAINTIFFS' MOTION IN LIMINE NO. 1**:     **To Preclude Inflammatory Statements in Opening Or Closing Arguments (ECF Nos. 88, 112)**

**PLAINTIFF'S MOTION IN LIMINE NO. 2**:     **To Preclude Factual Testimony From Witnesses Not Properly Identified (ECF No. 88, 112)**

**PLAINTIFFS' MOTION IN LIMINE NO. 3**:     **To Preclude Undisclosed Expert Witnesses (ECF Nos. 88, 112)**

**PLAINTIFFS' MOTION IN LIMINE NO. 4**:     **To Preclude Evidence That The FAA Previously Provided Instructions To Pilots Without Issue (ECF Nos. 88, 112)**

2

**PLAINTIFFS' MOTION IN LIMINE NO. 5**:      To Preclude Argument About The Number Or Absence Of Claims Against Defendant (ECF Nos. 88, 112)

**PLAINTIFFS' MOTION IN LIMINE NO. 6**:      To Bar Comment Regarding Any Party's Wealth or Poverty (ECF Nos. 88, 112)

**PLAINTIFFS' MOTION IN LIMINE NO. 7**:      To Bar Comment Of An Alleged Motive To File Suit (ECF Nos. 88, 112)

**PLAINTIFFS' MOTION IN LIMINE NO. 8**:      To Bar Comment As To Any Settlement Negotiations (ECF Nos. 88, 112)

**PLAINTIFFS' MOTION IN LIMINE NO. 9**:      To Bar Comment Respecting The Credibility Of Plaintiffs' Experts By Any Of Defendant's Expert Witnesses (ECF Nos. 88, 112)

**PLAINTIFFS' MOTION IN LIMINE NO. 10**:      To Bar Questioning Or Reference To Plaintiffs' Experts Being Limited Or Excluded From Other Trials (ECF Nos. 88, 112)

**PLAINTIFFS' MOTION IN LIMINE NO. 11**:      To Exclude Non-Party Witnesses From The Courtroom (ECF Nos. 88, 112)

Plaintiffs' Motions in Limine 1-11 in the Omnibus Motion consist of broad, generalized Motions in Limine that are not particularized to the facts of this case.

Plaintiffs did not comply with District of Hawaii Local Rule

3

7.8 and did not meet and confer with the Defendant before filing their Motions in Limine.  Many of the matters set forth in the Omnibus Motion regarding Motions in Limine 1-11 are not relevant to this case.

As Defendant points out, Plaintiffs' Motions in Limine Nos. 1 through 11 lack any nexus to evidentiary issues in the case. (Opp. at p. 2, ECF Nos. 107, 142).

The majority of the issues presented in the Omnibus Motion are irrelevant to a bench trial.  Motions in limine are a procedural mechanism to limit evidence or testimony in advance of trial that is irrelevant, unduly prejudicial, or otherwise inadmissible.  United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009).  The key function of a motion in limine is to exclude prejudicial evidence before the evidence is actually offered before the jury at trial.  Luce v. United States, 469 U.S. 38, 40 n.2 (1984).

Motions in Limine filed pursuant to Federal Rule of Evidence 403 regarding prejudicial evidence, however, are generally inapplicable in a bench trial.  In a bench trial, there is no jury from which to shield prejudicial evidence.  The Court is able to exclude any improper inferences from relevant evidence in reaching its decision.  Cmty Ass'n for Restoriation of the Env't, Inc. v. Cow Palace, LLC, 80 F.Supp.3d 1180, 1216 (E.D. Wash. 2015) (citing EEOC v. Farmer Bros. Co., 31 F.3d 891, 898 (9th

4

Cir. 1994)).

     **The Court declines to rule on Plaintiffs' Omnibus Motions in Limine 1-10.  If any of the issues presented in the Omnibus Motions 1-10 are raised during the bench trial, the Court will rule at that time.**

     As to Plaintiffs' Motion in Limine No. 11 in the Omnibus Motion, it raises the witness exclusionary rule set forth in Fed. R. Evid. 615.  Plaintiffs did not specify in the Motion whom they sought to exclude, but at the hearing stated that they seek to exclude Defendant's expert witnesses during the trial.

     Expert witnesses whose presence a party shows to be essential to presenting the party's claim or defense are not subject to exclusion.  <u>See</u> Fed. R. Evid. 615(a)(3) (amended Dec. 1, 2023).

     Defendant has met the "fairly low bar" that its expert witnesses are essential to presenting its defense.  <u>Stevenson v. Holland</u>, 504 F.Supp.3d 1107, 1131 (E.D. Cal. 2020) (citing <u>United States v. Seschillie</u>, 310 F.3d 1208, 1213 (9th Cir. 2002)).

     Plaintiffs' Motion in Limine No. 11 (ECF Nos. 88, 112) is **GRANTED, IN PART, AND DENIED, IN PART.**

     The witness exclusionary rule is in place.  The Parties' expert witnesses may be present during trial and are not subject to exclusion pursuant to Fed. R. Evid. 615(a)(3).

**PLAINTIFFS' MOTION IN LIMINE NO. 12**:    **To Exclude Night Flying Policy Document (ECF Nos. 89, 113)**

Plaintiffs seek to exclude a document from trial that purports to be a written policy from Mauna Loa Helicopters entitled, "Night Considerations and Restrictions." (Night Considerations and Restrictions for Mauna Loa Helicopters, attached to Motion at p. 2, ECF No. 89-1, p. 10, ECF No. 113).

The document purportedly contains the written policies for Mauna Loa Helicopters for flying its helicopters in conditions with limited visibility, specifically with consideration to "night illusions, weather, moon phase and illumination percentage." (Id.)

The document is central to the dispute in this case and is not subject to exclusion. The central dispute in this case is the cause of the helicopter accident. Both Parties have alleged that weather was a factor. Numerous issues related to weather as well as the time of day, moon phase, and illumination percentage are relevant to the question of causation. Mauna Loa Helicopters' policy regarding conditions of limited visibility is directly relevant to causation and Defendant's theory of the case.

The question regarding whether the document was known to the Decedents or was a policy that was in place at the time of the accident is an issue for trial.

Plaintiffs' Motion in Limine No. 12 (ECF Nos. 89, 113) is

**DENIED.**

**PLAINTIFFS' MOTION IN LIMINE NO. 13:**   **In Re National Transportation Safety Board Reports (ECF Nos. 90, 114)**

Plaintiffs' Motion in Limine No. 13 (ECF Nos. 90, 114) was

**WITHDRAWN.**

**PLAINTIFFS' MOTION IN LIMINE NO. 14:**   **To Exclude Liability Waiver (ECF Nos. 91, 115)**

Plaintiffs seek to exclude a document from Mauna Loa Helicopters entitled, "Liability Waiver Form" that was signed by the Decedent Jeremy Dossetter.  (Liability Waiver Form for Mauna Loa Helicopters, attached to Motion, ECF Nos. 91-1, 115-1).

The document contains a statement that the Decedent was "aware that helicopter instruction and training may be a hazardous activity" and that he was "voluntarily participating in this activity with knowledge of the danger involved and hereby agree to assume and accept any and all risks of injury or death." (Id.)

The document is central to the Defendant's theory of the case and its defense.  Pursuant to Hawaii law, an implied assumption of risk defense is "where relief from liability is implied from the plaintiff's act of electing to participate in

7

the underlying activity despite known or reasonably foreseeable risk." <u>Piece v. Kualoa Ranch Hawaii, Inc.</u>, Civ. No. 19-00198 JAO-KJM, 2021 WL 5015609, at *3 (D. Haw. Oct. 28, 2021).  The defense also focuses on a plaintiff's conduct, whether he knew of a danger presented, and whether he proceeded voluntarily and unreasonably to encounter it.  <u>Id.</u>

Plaintiffs' Motion in Limine No. 14 (ECF Nos. 91, 115) is **DENIED.**

**<u>PLAINTIFFS' MOTION IN LIMINE NO. 15</u>:     In Re Subject Helicopter Mechanical Defect And/Or Weight And Balance (ECF Nos. 92, 116)**

Plaintiffs seek to exclude any defense based on any defects or weight imbalances in the subject helicopter.

Defendant does not oppose.

Plaintiffs' Motion in Limine No. 15 (ECF Nos. 92, 116) is **GRANTED.**

**<u>PLAINTIFFS' MOTION IN LIMINE NO. 16</u>:     In Re Michael Fong Hearsay (ECF Nos. 93, 117)**

Plaintiffs seek to exclude statements made by Air Traffic Controller Michael Fong that are contained in the expert report of Mark Olsen.

The Court has already ruled Defendant's expert witness Mark

W. Olsen may testify at trial.  In its Order, the Court explained
that it will rule on the admissibility of Mr. Olsen's expert
testimony during the bench trial.  (Order Deferring Ruling on
Plaintiffs' Daubert Motion to Bar Expert Witness Mark W. Olsen,
ECF Nos. 84, 108).

Plaintiffs' Motion in Limine No. 16 seeks to preclude
admission of statements that Air Traffic Controller Fong said to
Mr. Olsen in preparing his expert report.

As a preliminary matter, expert reports are generally
inadmissible hearsay.  Escobar v. Airbus Helicopters SAS, Civ.
No. 13-00598 HG-RLP, 2016 WL 6024441, at *1 (D. Haw. Oct. 4,
2016).  Mr. Olsen's expert report need not be admitted because he
will be able to testify as to his opinions and the basis for his
opinions at trial.

Statements made by Air Traffic Controller Fong to Mr. Olsen
may be admissible evidence pursuant to Fed. R. Evid. 703.  Rule
703 provides that an expert may base an opinion on facts or data
in the case that the expert has been made aware of or personally
observed.  Fed. R. Evid. 703.

The Court will evaluate the admissibility of any hearsay
statement Mr. Olsen seeks to introduce at trial.  Such testimony
may be permitted if Mr. Olsen can establish that it is
information that is "reasonably relied upon by experts in the
particular field in forming opinions."  V5 Technologies, LLC v.

9

<u>Switch, Ltd.</u>, 501 F.Supp.3d 960, 964-65 (D. Nev. 2020).

Plaintiffs' Motion in Limine No. 16 (ECF Nos. 93, 117) is **DENIED WITHOUT PREJUDICE.**

**<u>PLAINTIFFS' MOTION IN LIMINE NO. 17</u>:**   **In Re Allocation Of Fault To Non-Party (ECF Nos. 94, 118)**

Plaintiffs seek to preclude Defendant from attempting to allocate fault to a non-party, specifically Mauna Loa Helicopters.

Defendant does not oppose.

The Court will apply Hawaii state law as to Defendant's comparative negligence defense. <u>See</u> Haw. Rev. Stat. § 663-31; Hawaii Pattern Jury Instruction 6.4.

Plaintiffs' Motion in Limine No. 17 (ECF Nos. 94, 118) is **GRANTED.**

**<u>PLAINTIFFS' MOTION IN LIMINE NO. 18</u>:**   **In Re Duplicative Mauna Loa Testimony (ECF Nos. 95, 119)**

Plaintiffs' Motion in Limine No. 18 (ECF Nos. 95, 119) was **WITHDRAWN.**

**<u>PLAINTIFFS' MOTION IN LIMINE NO. 19</u>:**   **In Re Original Radar Replay And Sanctions (ECF Nos. 96, 120)**

Plaintiffs seek spoliation sanctions against Defendant.

Plaintiffs claim that the Federal Aviation Administration failed to retain the original radar replay file involving the accident helicopter.

Plaintiffs ask that the Court enter a default judgment against Defendant on the issue of liability, or in the alternative, order the radar reconstruction be excluded and that the Court make an adverse inference that the evidence would have been unfavorable to Defendant.  (Pl.'s Motion at p. 9, ECF Nos. 96, 120).

Defendant opposes, explaining that although the radar replay playback file was corrupted, the underlying data extracted from the Continuous Data Recording was in fact retained by the Federal Aviation Administration and was provided to the Plaintiffs.

### A.   Spoliation Standard

Pursuant to Federal Rule of Civil Procedure 37(e), if electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

> (1)   upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2)   only upon finding that the party acted with

11

the intent to deprive another party of the information's use in the litigation may:

(A)  presume that the lost information was unfavorable to the party;

(B)  instruct the jury that it may or must presume the information was unfavorable to the party; or

(C)  dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Rule 37 was amended in 2015.  Pursuant to the 2015 amendment, the court may order measures no greater than necessary to cure prejudice from the failure to store electronically stored information.  Moore's Fed. Prac. 3d § 37.121A; see Fed. R. Civ. P. 37(e) Advisory Committee Note of 2015.

The text of Federal Rule of Civil Procedure 37(e) provides that evidence is "lost" and subject to spoliation sanctions when a party failed to take reasonable steps to preserve it, and **"it cannot be restored or replaced through additional discovery."** Fed. R. Civ. P. 37(e) (emphasis added).

Information is "lost" for purposes of Rule 37(e) only if it is irretrievable from another source.  Oracle Am., Inc. v. Hewlett Packard Enter. Co., 328 F.R.D. 543, 552 (N.D. Cal. 2018).

Cases decided after the implementation of the 2015 amendment to Fed. R. Civ. P. 37(e) have highlighted the 2015 Advisory Committee Notes to the Rule.  The 2015 Advisory Committee stated that "because electronically stored information often exists in

12

multiple locations, loss from one source may often be harmless when substitute information can be found elsewhere." Fed. R. Civ. P. 37(e), 2015 Advisory Committee Notes.

**B.    Rule 37(e) Does Not Apply Where The Evidence Is Not "Lost"**

Spoliation sanctions are not available pursuant to the 2015 Amendment to Rule 37(e) when information is not lost.  <u>Feindt v. United States</u>, 2023 WL 8650190, *4 (D. Haw. Dec. 14, 2023). Plaintiffs have not cited any cases interpreting Rule 37(e) following its amendment in 2015 regarding lost electronically stored information.  Plaintiffs' reliance on cases prior to the 2015 amendments ignores the appropriate standard.

The Government argues that because the underlying data from the Continuous Data Recording was retained, the discovery at issue was not lost for purposes of Rule 37(e).

Defendant acknowledges that the original replay playback file was corrupted and cannot be played directly on a radar scope.  Defendant asserts, however, that the underlying data is available and is therefore not lost.

At this point in the proceedings, it is unclear if the necessary information is irretrievable as it appears the information was preserved in the form of a data file.  <u>See Envy Hawaii LLC v. Volvo Car USA LLC</u>, Civ. No. 17-00040 HG-RT, 2019 WL 1292288, at *2 (D. Haw. Mar. 20, 2019).

## C.   The Court Reserves Further Ruling Until Trial

Electronic information that remains available in another format is not lost for purposes of Rule 37(e).  Feindt, 2023 WL 8650190, at *4.

The Government asserts that its expert, Mark Olsen, used the retained data to prepare a graphical display of the flight. Defendant argues that Plaintiffs' expert, Robert Cauble, also used the data to prepare his own graphical display.

At this point, Plaintiffs have not demonstrated that the corruption of the replay playback file constitutes "lost" discovery for purposes of Rule 37(e)(1) to apply.  Plaintiffs have also not established prejudice at this point in the proceedings.

In addition, Plaintiffs have not provided any basis to find that the Defendant engaged in willfulness or bad faith that would be required to warrant default judgment or an adverse inference finding.  Liberty Ins. Corp. v. Brodeur, 41 F.4th 1185, 1192 (9th Cir. 2022).  The Court finds that sanctions are not warranted pursuant to Rule 37(e)(2).

Plaintiffs' Motion in Limine No. 19 (ECF Nos. 96, 120) is **DENIED WITHOUT PREJUDICE.**

14

## CONCLUSION

**PLAINTIFFS' MOTION IN LIMINE NOS. 1-10**: Omnibus Motions in Limine
(ECF Nos. 88, 112)

The Court **declines to rule** on Plaintiff's Omnibus Motions in
Limine 1-10.  If any of the issues presented in the Omnibus
Motions 1-10 are raised during the bench trial, the Court will
rule at that time.

**PLAINTIFFS' MOTION IN LIMINE NO. 11:**       **To Exclude Non-Party**
**Witnesses From The**
**Courtroom (ECF Nos. 88,**
**112)**

Motion in Limine No. 11 is **GRANTED, IN PART, AND DENIED, IN PART.**

The witness exclusionary rule is in place.  The witness
exclusionary rule applies, but the Parties' expert witnesses may
be present during trial.  Fed. R. Evid. 615(a)(3).

**PLAINTIFFS' MOTION IN LIMINE NO. 12:**       **To Exclude Night Flying**
**Policy Document (ECF Nos.**
**89, 113)**

Motion in Limine No. 12 is **DENIED.**

Mauna Loa Helicopters' policy regarding conditions of limited
visibility is directly relevant to causation and Defendant's
theory of the case.   The question regarding whether the document
was known to the Decedents or was a policy that was in place at
the time of the accident is an issue for trial.

**PLAINTIFFS' MOTION IN LIMINE NO. 13:**       **In Re National**
**Transportation Safety**
**Board Reports (ECF Nos.**
**90, 114)**

Motion in Limine No. 13 is **WITHDRAWN.**

**PLAINTIFFS' MOTION IN LIMINE NO. 14**:     To Exclude Liability
                                             Waiver (ECF Nos. 91, 115)


Motion in Limine No. 14 is **DENIED.**

The document is central to the Defendant's defense based on
assumption of risk under Hawaii law.


**PLAINTIFFS' MOTION IN LIMINE NO. 15**:     **In Re Subject Helicopter
                                             Mechanical Defect And/Or
                                             Weight And Balance (ECF
                                             Nos. 92, 116)**

Motion in Limine No. 15 is **GRANTED.**

Defendant does not oppose and does not intend to argue that the
subject helicopter was subject to any mechanical defect or weight
imbalance.


**PLAINTIFFS' MOTION IN LIMINE NO. 16**:     **In Re Michael Fong
                                             Hearsay (ECF Nos. 93,
                                             117)**

Motion in Limine No. 16 is **DENIED WITHOUT PREJUDICE.**

Mr. Olsen is permitted to testify as to the basis for his expert
opinion based on conversations with Mr. Fong if such information
is reasonably relied upon by experts in the particular field in
forming opinions.


**PLAINTIFFS' MOTION IN LIMINE NO. 17**:     **In Re Allocation Of Fault
                                             To Non-Party (ECF Nos.
                                             94, 118)**


Motion in Limine No. 17 is **GRANTED.**

Defendant does not oppose.  The Court will apply Hawaii state law
as to Defendant's comparative negligence defense.  See Haw. Rev.
Stat. § 663-31; Hawaii Pattern Jury Instruction 6.4.

**PLAINTIFFS' MOTION IN LIMINE NO. 18**:     In Re Duplicative Mauna Loa Testimony (ECF Nos. 95, 119)

Motion in Limine No. 18 is **WITHDRAWN.**


**PLAINTIFFS' MOTION IN LIMINE NO. 19**:     In Re Original Radar Replay And Sanctions (ECF Nos. 96, 120)

Motion in Limine No. 19 is **DENIED WITHOUT PREJUDICE.**

Default judgment or adverse inference sanctions are not warranted pursuant to Rule 37(e)(2).  The Court will rule on the admissibility of the electronically stored information at trial.

    IT IS SO ORDERED.

    Dated: February 13, 2024, Honolulu, Hawaii.


Helen Gillmor
United States District Judge


Kirsch v. United States of America, 20-cv-00265 HG-RT; Dossetter v. United States of America, 20-cv-00266 HG-RT; **ORDER ON PLAINTIFFS' MOTIONS IN LIMINE NOS. 1-19 (Kirsch, ECF Nos. 88-96; Dossetter, ECF Nos. 112-20)**